951 F.2d 349
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Al-Ahzar EDWARDS, a minor, by his guardians and next
friends, George D. EDWARDS and Shirley Edwards,
Plaintiffs-Appellants,
v.
CLEVELAND HEIGHTS-UNIVERSITY HEIGHTS BOARD OF EDUCATION,
Lauree P. Gearity, Cleveland Heights-University Heights
School District Superintendent, Ohio State Board of
Education, and Franklin B. Walter, Superintendent of Public
Instruction, Department of Education, Defendants-Appellees.
 No. 90-4017.
 United States Court of Appeals, Sixth Circuit.
 Dec. 19, 1991.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and JAMES HARVEY, Senior District Judge.*
 PER CURIAM.
 
 
 1
 This is an appeal from a district court order dismissing claims filed by George and Shirley Edwards on behalf of their son, Al-Ahzar Edwards, (collectively: appellants) under the Education of the Handicapped Act (EHA), 20 U.S.C. §§ 1401-85, section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and Ohio Rev.Code §§ 2506.01 and 3323.02-.04, and denying their motion for an interim award of attorneys' fees. Although we AFFIRM the denial of attorneys' fees, we VACATE the remainder of the district court's order and REMAND with instructions to DISMISS appellants' claims because the district court lacked jurisdiction to decide their merits.
 
 I.
 
 2
 On March 6, 1990, the Cleveland Heights-University Heights (CH-UH) School District Superintendent, Dr. Lauree P. Gearity (Gearity), wrote to George and Shirley Edwards to advise them that the principal of the Cleveland Heights High School (CHHS) had recommended that Gearity expel Al-Ahzar from CHHS for assaulting a female student in a school hallway and for leaving campus without permission. Gearity advised appellants that a hearing officer appointed by the CH-UH Board of Education (the Board) would conduct a hearing to consider the recommendation on March 14, 1990.
 
 
 3
 Following the hearing, Gearity again wrote to George and Shirley Edwards on March 22, 1990, advising them that she had adopted the hearing officer's recommendation to expel Al-Ahzar from CHHS for the remainder of the school-year, and that the hearing officer had recommended placement at Forest Hills, an alternative high school. She also informed appellants that they had a right to appeal the decision to the Board.
 
 
 4
 After appellants notified the Board that they wished to appeal, the Board held a hearing on April 2, 1990 in which appellants' current counsel represented them. At the hearing, appellants asserted that Al-Ahzar has a learning disability, and asked the Board to suspend his expulsion while the CH-UH School District tested him. Although the Board offered to test Al-Ahzar to determine whether he has a learning disability, it offered to do so only if he accepted placement at Forest Hills.
 
 
 5
 On April 16, 1990, the Board advised Al-Ahzar's parents that it had affirmed Gearity's decision to expel Al-Ahzar, but again offered placement at Forest Hills. Appellants refused the offer.
 
 
 6
 On April 23, 1990, appellants filed this suit in an Ohio state court, naming as defendants the Board, Gearity, the Ohio State Board of Education, and Franklin B. Walter, Ohio's Superintendent of Public Instruction (collectively: appellees). Appellants alleged in their complaint that the Townsend Learning Center (Townsend) tested Al-Ahzar on April 19-20, 1990 to determine whether he had a learning disability. They attached to their complaint an affidavit of Sara Littlefield, the president and director of Townsend, stating that Al-Ahzar is learning disabled.
 
 
 7
 After appellees removed the case to the district court under 28 U.S.C. § 1441 on April 25, 1990, appellants filed a motion under Rule 65, Fed.R.Civ.P. 65, asking the court to order appellees to admit Al-Ahzar back into CHHS as required by the "stay-put" provision of the EHA, 20 U.S.C. § 1415(e)(3), and to order appellees to conduct a multifactored evaluation to determine whether Al-Ahzar is learning disabled. Although the district court did not grant appellants' April 25, 1990 motion, appellees agreed to allow Al-Ahzar to attend CHHS so that they could test him. To reflect the agreement reached by the parties, the district court on May 10, 1990 ordered appellees to admit Al-Ahzar back into CHHS and to administer a multifactored evaluation. The district court further ordered the Board to pay for an independent evaluation at the Cleveland Clinic's Learning Assessment Clinic (CCLAC).
 
 
 8
 The evaluations of both the CH-UH Pupil Services Department and the CCLAC showed that Al-Ahzar is not learning disabled. On June 6, 1990, appellees moved the district court to order a hearing to show cause why the Board should not reassign Al-Ahzar to Forest Hills. Appellants opposed the motion, arguing for a stay of all proceedings until the parties completed the administrative hearings required by the statutes under which they had brought suit. In particular, appellants noted that the Board had not yet conducted an Individualized Education Program (IEP) meeting under the EHA. See 20 U.S.C. § 1414(5), 1415(b).
 
 
 9
 Before the district court ruled on appellees' motion, the Board held an IEP meeting on July 18 or 19, 1990. At that time, the parties agreed that Al-Ahzar would attend Taylor Academy, an alternative high school. Yet, because the parties could not agree on the question whether Al-Ahzar would receive special educational services, appellants requested an impartial due process hearing under 20 U.S.C. § 1415(b)(2), (c).
 
 
 10
 On September 7, 1990, appellants moved for an interim award of attorneys' fees on the ground that they had prevailed in a discrete stage of the suit because they had obtained a stay-put order under the EHA. On October 9, 1990, the district court denied appellants' motion for an award of attorneys' fees for three reasons. First, it held that the EHA does not cover Al-Ahzar because he does not have a learning disability. Second, it noted that it had not granted appellants' April 25, 1990 motion for injunctive relief, but had merely entered an order on May 10, 1990 reflecting an agreement reached by the parties, in which appellees consented to allow Al-Ahzar to return to CHHS while they tested him. Finally, it found that Al-Ahzar had not received any greater relief by filing suit than he would otherwise have received.
 
 
 11
 Furthermore, because the district court found that Al-Ahzar did not have a learning disability, it dismissed with prejudice appellants' claims under the EHA, the Rehabilitation Act of 1973, and Ohio Rev.Code §§ 3323.02-.04 because it found that none of those statutes covered Al-Ahzar because he does not have a learning disability. In addition, the district court chose not to exercise pendent jurisdiction over appellants' claim under Ohio Rev.Code § 2506.01, dismissing it without prejudice.
 
 II.
 A.
 
 12
 Appellants first argue that the district court improperly reached the question whether Al-Ahzar has a learning disability because the EHA only permits courts to review records of administrative proceedings required by the EHA. See 20 U.S.C. § 1415(e)(2). Because the parties had not yet completed the administrative hearings required by the EHA, appellants contend that the district court did not have jurisdiction to decide whether Al-Ahzar has a learning disability.
 
 
 13
 Subsections (b) through (e) of section 1415 of the EHA outline procedures designed by Congress "to assure that children with disabilities and their parents or guardians are guaranteed procedural safeguards with respect to the provision of free appropriate public education...." 20 U.S.C. § 1415(a).
 
 
 14
 Subsection (b)(1)(A) requires an educational agency or unit to provide procedures not limited to "an opportunity for the parents or guardian of a child with a disability to examine all relevant records with respect to the identification, evaluation, and educational placement of the child, and the provision of a free appropriate public education to such child, and to obtain an independent educational evaluation of the child." 20 U.S.C. § 1415(b)(1)(A). Also among the procedures the EHA requires is "an opportunity to present complaints with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(1)(E).
 
 
 15
 When the parents of a child with a disability are not satisfied with the disposition of their complaint under 20 U.S.C. § 1415(b)(1)(E), they "shall have an opportunity for an impartial due process hearing which shall be conducted by the State educational agency or by the local educational agency or intermediate educational unit, as determined by State law...." 20 U.S.C. § 1415(b)(2). If a local educational agency or an intermediate educational unit conducts the impartial due process hearing, then the parent "may appeal to the State educational agency...." 20 U.S.C. § 1415(c).
 
 
 16
 After parents have exhausted their administrative remedies, they have the right to file suit in state or federal court to challenge the decision reached in the administrative proceedings. 20 U.S.C. § 1415(e). Further, "[i]n any action brought ... the court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(e)(2). Thus, because a district court's jurisdiction under the EHA is limited to a review of the final administrative decision, the district court lacked jurisdiction to decide whether Al-Ahzar has a disability, because the parties had not yet completed the administrative hearings provided by the EHA.**
 
 B.
 
 17
 The district court also dismissed appellants' claim under Chapter 3323 of the Ohio Revised Code, entitled "Education of Handicapped Children," because it found that Al-Ahzar does not have a disability. Section 3323.05 outlines administrative procedures, parallel to those found in the EHA, to assure that "handicapped children and their parents are guaranteed procedural safeguards in decisions under this chapter relating to the identification, evaluation, or educational placement of a handicapped child or the provision of education or related services under this chapter." Ohio Rev.Code § 3323.05. Only after parents exhaust these procedures may they appeal the final order to an Ohio state court. Ohio Rev.Code § 3323.05(F). Thus, just as under the EHA, the district court lacked jurisdiction under Chapter 3323 of the Ohio Revised Code to reach the question whether Al-Ahzar is disabled.
 
 C.
 
 18
 Similarly, the district court lacked jurisdiction to decide appellants' claim under Ohio Rev.Code § 2506.01. Section 2506.01 grants a right of appeal to an Ohio state court for anyone aggrieved by a "final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state...." Ohio Rev.Code § 2506.01. Further, a final order, adjudication, or decision "does not include any order, adjudication, or decision from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority if a right to a hearing on such appeal is provided...." Id. Hence, the district court did not have jurisdiction to hear appellants' claim under Ohio Rev.Code § 2506.01 because appellants had not yet exhausted their administrative remedies.
 
 D.
 
 19
 Finally, the district court dismissed appellants' claim under the Rehabilitation Act of 1973 based on its finding that Al-Ahzar is not disabled. The district court also lacked jurisdiction under the Rehabilitation Act of 1973 to make such a finding.
 
 
 20
 Although section 1415(f) of the EHA states that "[n]othing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under ... the Rehabilitation Act of 1973," it also provides that a party seeking relief under the Rehabilitation Act of 1973 which is also available under the EHA must first exhaust the procedures under subsections (b)(2) and (c) of section 1415 of the EHA. 20 U.S.C. § 1415(f). Thus, to the extent appellants sought relief under the Rehabilitation Act of 1973 which they could also have obtained under the EHA, they failed to exhaust available administrative procedures.
 
 
 21
 Further, to the extent appellants sought relief under the Rehabilitation Act of 1973 which is not available under the EHA, appellants failed to exhaust their administrative remedies. Section 505(a)(2) of the Rehabilitation Act of 1973 reads as follows:
 
 
 22
 The remedies, procedures, and rights set forth in title VI of the Civil Rights Act of 1964 [42 U.S.C. § 2000d et seq.] shall be available to any person aggrieved by any act or failure to act by any recipient of Federal assistance or Federal provider of such assistance under section 794 of this title.
 
 
 23
 29 U.S.C. § 794a(a)(2). Hence, because appellants did not exhaust their remedies under Title VI, the district court also lacked jurisdiction to entertain appellants' claim under the Rehabilitation Act of 1973 to the extent that appellants sought relief not available under the EHA.
 
 
 24
 Accordingly, the district court improperly reached the question whether Al-Ahzar is handicapped under the Rehabilitation Act of 1973.
 
 III.
 
 25
 Appellants also appeal the district court's denial of their motion for an award of attorneys' fees. They assert that section 1415(e)(4)(B) entitles them to an interim award of attorneys' fees because they prevailed in a discrete stage of the suit when they obtained a stay-put order under section 1415(e)(3) of the EHA.
 
 
 26
 Subsection (e)(4)(B) of section 1415 states that "[i]n any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a child or youth with a disability who is the prevailing party." 20 U.S.C. § 1415(e)(4)(B). Thus, the district court had discretion to award attorneys' fees under section 1415(e)(4)(B) only to the parents or guardian of a child with a disability and who is a prevailing party. As noted, the question whether Al-Ahzar has a learning disability had not yet been reached in the administrative proceedings. Moreover, plaintiffs were not prevailing parties. Accordingly, the district court properly denied the motion for attorneys' fees.
 
 IV.
 
 27
 In conclusion, we VACATE the judgment of the district court insofar as it decided that Al-Ahzar does not have a disability under the EHA, 20 U.S.C. §§ 1401-85, section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and Ohio Rev.Code §§ 3323.02-.04, and REMAND with instructions to DISMISS those claims and the claim under Ohio Rev.Code § 2506.01 because the district court lacked jurisdiction to decide their merits. Further, we AFFIRM the district court's denial of attorneys' fees.
 
 
 
 *
 The Honorable James Harvey, Senior Judge of the United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 **
 Arguably, before granting a stay-put order under section 1415(e)(3) of the EHA, a district judge must make a limited determination, necessary for issuance of the injunction, that a child is entitled to the EHA's protection because the child has a disability. We need not reach this issue, however, because appellees consented to allow Al-Ahzar to return to CHHS while they tested him