

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-14-2008

# D.S. v. Neptune Twp Bd Ed

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4514

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"D.S. v. Neptune Twp Bd Ed" (2008). *2008 Decisions*. Paper 1599.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1599

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4514
_____

D.S.; S.S., ON BEHALF OF MINOR Z.S., A MINOR

Appellants

v.


NEPTUNE TOWNSHIP BOARD OF EDUCATION
_____

On Appeal from the United States District Court
for the District of New Jersey
(Civ No. 05-cv-05652)
District Judge: Honorable Anne E. Thompson
_____

Submitted Under Third Circuit L.A.R. 34.1(a),
November 29, 2007

Before: BARRY, FUENTES, Circuit Judges, and DIAMOND,* District Judge.

(Filed: February 14, 2008)
_____

OPINION
_____

_____

   * Honorable Paul S. Diamond, District Judge for the United States District Court
for the Eastern District of Pennsylvania, sitting by designation.

1

FUENTES, Circuit Judge.

Appellants D.S. and S.S. ("the parents"), on behalf of their minor son, Z.S. ("the child"), appeal the District Court's denial of their motion for attorneys' fees under the Individuals with Disabilities Education Act's ("IDEA") fee shifting provision, 20 U.S.C. § 1415(i)(3)(B). We affirm the District Court's order because, under the plain meaning of the statute, Z.S. is not a child with a disability given that he has not been found to need special education and thus the parents are not entitled to attorneys' fees under IDEA.

In 2003, the New Jersey Department of Human Services, Division of Youth and Family Services ("DYFS") removed the child from his home after it was discovered that he had molested two younger siblings. A few months later, the child, who had previously been home-schooled, was enrolled as a freshman at Neptune High School, which was operated by Appellee Neptune Township Board of Education ("Neptune"). During his first year, he underwent several independent psychiatric and psychological evaluations which identified various disorders and recommended that the child be given psychotherapy, special education and placed in a residential treatment program.

In May 2004, the parents requested a Child Study Team ("CST") evaluation to determine the child's eligibility for special education services and related services under IDEA. In the months following, the CST convened several times to discuss the parents' request for an evaluation, reviewed the independent recommendations and ultimately determined that an evaluation was not warranted and the child was not eligible for special

2

education and related services.

In December 2004, the parents filed a due process petition seeking emergency relief in the form of an order directing Neptune to place the child in an out-of-district residential treatment program, to pay for the educational component of such a program and to evaluate the child to determine if he was eligible for special education and related services. This matter was transmitted by the New Jersey Department of Education ("NJ DOE") to the Office of Administrative Law for a hearing before an Administrative Law Judge ("ALJ"). The ALJ issued a decision denying emergency relief and ordering Neptune's CST to conduct a special education evaluation.

In a parallel proceeding in New Jersey's Superior Court, Family Part, it was determined that the child should be placed at KidsPeace, a private residential treatment program in Orefield, Pennsylvania. It was agreed that the cost of the treatment component of the program as well as residential expenses were to be covered by state agencies. Subsequently, the NJ DOE determined that Neptune was responsible for the educational costs of the child's placement based on residency.

As a result of the child's placement at KidsPeace, the CST claimed it was unable to complete its evaluation. A month later, the ALJ issued an order directing Neptune to continue with the special education evaluation as previously ordered. Shortly thereafter, Neptune evaluated the child and again concluded that he was not eligible for special education and related services. The parents then requested an independent educational

3

evaluation ("IEE") of the child. Pursuant to this request, the ALJ issued an order for an IEE at the expense of Neptune. The ALJ also allowed the parents to amend their due process petition to appeal Neptune's determination that the child was not eligible for special education and related services and to demand that Neptune provide their child with an IEE. After the parents amended their petition for a due process hearing accordingly, they withdrew their petition and filed a motion for attorneys' fees under IDEA with the District Court. The District Court denied the parents' motion for attorneys' fees on the ground that the child was never determined eligible for special education and related services. The District Court did not reach the question of whether the parents were "prevailing parties."

The parents argue that the plain language of the IDEA fee shifting provision does not limit the availability of prevailing party attorneys' fees only to the parents of a child who has been determined eligible for special education services. They argue that 1) the other procedural safeguards in § 1415(b) (i.e., evaluation and identification) precede any determination of eligibility and that the use of the term "child with a disability" must include children suspected of having a disability and 2) unlike other sections, the fee shifting provision does not incorporate by reference the definition in § 1401(3).

The fee shifting provision under IDEA provides that "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs – (I) to a prevailing party who is the parent of a child with a

4

disability. . . ." 20 U.S.C. § 1415(i)(3)(B).  This statutory language requires that an individual seeking attorneys' fees under IDEA not only be a "prevailing party" but also "the parent of a child with a disability."  Id.  In the definition section, 20 U.S.C. § 1401(3)(A), Congress defined the term "child with a disability" as follows:

> Except as otherwise provided, in this chapter: . . . [t]he term 'child with a disability' means a child –
>
> (i) with mental retardation, hearing impairments (including deafness), speech or language impairments, visual impairments (including blindness), serious emotional disturbance (referred to in this chapter as "emotional disturbance"), orthopedic impairments, autism, traumatic brain injury, other health impairments, or specific learning disabilities; ***and***
>
> (ii) ***who, by reason thereof, needs special education and related services.***

20 U.S.C. § 1401(3)(A)(emphasis added).

In a matter of first impression, the parents' appeal requires us to interpret this fee shifting provision under IDEA.  "It is axiomatic that statutory interpretation properly begins with the language of the statute itself, including all of its parts."  Velis v. Kardanis, 949 F.2d 78, 81 (3d Cir. 1991).  As the District Court noted, where the meaning of a statute is plain, a court will make no further inquiry unless the literal application of the statute will end in a result that conflicts with the intentions of Congress.  See U.S. v. Ron Pair Enterprises, Inc., 489 U.S. 235, 242 (1989).  We have recognized that definitions in a statute should be presumptively taken as reflecting Congressional intent.  See In re Jaritz Industries, Ltd., 151 F.3d 93, 100 (3d. Cir. 1998).  We need not resort to legislative history unless we find the statutory language to be ambiguous.  See Velis, 949 F.2d at 81.

5

The definition of a "child with a disability" reflects Congress' intent that the fee shifting provision should only apply where a child has an impairment listed in 20 U.S.C. § 1401(3)(A)(i) and "needs special education and related services." 20 U.S.C. § 1401(3)(A)(ii). Written in the conjunctive, the statute should not be read to protect children with an impairment but not requiring special education. We find this language to be unambiguous and thus our analysis need go no further.

It is undisputed that the parents secured four separate orders from the ALJ ordering Neptune to conduct a special education evaluation of the child, to pay for an IEE and to pay the educational costs of the child's placement at KidsPeace. But for retaining counsel, the parents would not have secured these benefits for the child. However, under the plain language of the statute, these benefits alone without the determination that the child needed special education, do not make him a child with a disability. In 2004, Neptune concluded that an evaluation to determine the child's eligibility for special education services was not warranted despite outside evaluation reports. Subsequent to the parents' *pro se* request for a due process hearing, Neptune submitted a letter to the ALJ asserting that it was unable to complete the court ordered evaluation and incorrectly stated that the parents intended to withdraw their petition, further evidencing that Neptune likely would have not completed the evaluations absent the ALJ's orders. However, the record reflects that Neptune considered the child for special education and determined that he was not eligible for special education on three separate occasions following

6

various evaluations. The parents withdrew their due process petition prior to an adjudication by an ALJ regarding the child's entitlement to special education. Thus, there was never a determination that the child needed special education. Because the parents withdrew their due process hearing petition, they did not have any determination or decision to appeal to the District Court, compelling the inference they were not within the purview of IDEA. The parent's failure to pursue their rights under IDEA limits their right to now seek attorneys' fees.

We also conclude that the plain language of the statute, including Congress' definition of a "child with a disability," is consistent with the purpose of IDEA, which, in relevant part, is "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services . . ." 20 U.S.C.A. § 1400(d)(1)(A). Furthermore, this Court has stated that "[t]he purpose of the fee provision in IDEA is to enable parents or guardians of disabled children for whom the statute was enacted to effectuate the rights provided by the statute." See P.N. v. Clementon Bd. of Educ., 442 F.3d 848, 856 (3d Cir. 2006). Contrary to the parents' argument, there is no evidence that Congress intended IDEA to protect the rights of "children with a disability who have not been determined eligible for special education services and children merely suspected of having a disability." See Pet. Br. at 11.[1]

_____

[1]We note that the holding in Murphy v. Girard School Dist., which the parents rely on and the District Court attempted to distinguished, does not appear to be consistent with the plain language of IDEA. See 134 F. Supp. 2d 431 (W.D.Pa. 1999). In Murphy, the

For the foregoing reasons, we will affirm the District Court's order.

---

parents initiated a due process hearing and the hearing officer, the appeals panel and state court found that Bethany was not in need of special education. Id. at 432-33. In a subsequent action, the District Court awarded attorneys' fees under IDEA, finding that the parents were a "prevailing party." Id. at 438. In its analysis, the District Court did not discuss whether Bethany was a child with a disability under the statutory definition and specifically noted that the parents did not prevail on the special education services issue. Id. Following our analysis above and the facts from the District Court opinion, Bethany would not be a "child with a disability" under the plain language of IDEA because she was not found to need special education and her parents should not have prevailed in obtaining attorneys' fees.