# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 20, 2010

No. 08-20201

Lyle W. Cayce
Clerk

T.B., by next friend Debbra B.,

Plaintiff–Appellee,

v.

BRYAN INDEPENDENT SCHOOL DISTRICT,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas

Before GARWOOD, GARZA, and OWEN, Circuit Judges.

PRISCILLA R. OWEN, Circuit Judge:

Bryan Independent School District (BISD) appeals an award of attorneys' fees to appellee T.B., a student who filed claims pursuant to the Individuals with Disabilities Education Act (IDEA). Because the IDEA only authorizes an award of attorneys' fees to a "child with a disability" as that term is defined in the IDEA, and T.B. has never been found to fall within that statutory definition, we vacate the award of attorneys' fees.

No. 08-20201

I

T.B. was a student at a BISD middle school at the time of the underlying proceedings.  When T.B. was in third grade, he was diagnosed with Attention Deficit Hyperactivity Disorder (ADHD).  He was referred for a full and individual evaluation (FIE), and it was determined that he did not qualify for special-education services.  However, BISD provided accommodations under § 504 of the Rehabilitation Act of 1973.[1]

During his sixth-grade year, T.B. had various conduct infractions.  BISD responded by implementing progressive disciplinary measures and eventually referred T.B. to a "Special Opportunity School" (SOS).  T.B.'s parents appealed his assignment to SOS at a BISD grievance hearing and, after losing the appeal, removed him from school.  T.B.'s parents consulted private education professionals, who recommended against placement in the SOS program. T.B.'s private education diagnostician concluded that he was qualified for special education.

Debbra B. then filed a written request for a due process hearing under the IDEA on behalf of her son, T.B.  At the due process hearing, T.B. alleged that BISD failed to (1) assess appropriately whether he was eligible for special education, (2) identify him as a student with a disability, (3) conduct a functional behavior assessment, (4) develop a behavior intervention plan, (5) develop an individualized education program (IEP), (6) provide special-education services, and (7) address and respond to his Irlen Syndrome.  T.B. sought assessments and evaluations, a behavior intervention plan, and various compensatory educational services.

---

[1] 29 U.S.C. § 701 *et seq.*; *see* 34 C.F.R. § 104.1 *et seq.*

No. 08-20201

The hearing officer concluded that only an IEP team or an Admission, Review, and Dismissal (ARD) Committee could make a determination that a student is eligible for special education and ordered BISD to perform an FIE and convene an ARD committee meeting to determine T.B's eligibility for special-education services. The hearing officer denied T.B.'s other requests for relief.

T.B. sought review of the hearing officer's decision in Texas state court, and BISD removed the case to federal court. On review, the magistrate concluded that the hearing officer properly refrained from deciding T.B.'s eligibility for special education. Nevertheless, in considering whether to award T.B. attorneys' fees, the magistrate concluded that T.B. had prevailed on two claims against BISD before the hearing officer: (1) failure to refer for assessments to determine eligibility and (2) failure to identify T.B. as a student with a disability under the IDEA. The magistrate therefore recommended that attorneys' fees be awarded in an "amount commensurate with [T.B.'s] degree of success."

The district court adopted the magistrate judge's memorandum and recommendation. BISD appealed, arguing that the district court erred in awarding T.B. attorneys' fees. BISD contends that T.B. fails to meet the requirements of the IDEA's fee-shifting provision because (1) T.B. has never been determined to be a "child with a disability" and (2) T.B. was not the "prevailing party" in the action. The district court had jurisdiction pursuant to 20 U.S.C. § 1415(i)(2). We have jurisdiction under 28 U.S.C. § 1291.

## II

A district court's grant of attorneys' fees under the IDEA is reviewed for

3

No. 08-20201

abuse of discretion.[2]   "In evaluating whether the district court abused its discretion to award attorney's fees, this Court reviews the factual findings supporting the grant or denial of attorney's fees for clear error and the conclusions of law underlying the award de novo."[3]   The district court's interpretation of a statute is a question of law reviewed de novo.[4]

## III

Under the IDEA, the district court has discretion to award reasonable attorneys' fees "to a prevailing party who is the parent of a child with a disability."[5]   The IDEA defines "child with a disability" as a child with one of an enumerated list of conditions and "who, by reason thereof, needs special education and related services."[6]

BISD urges that the plain language of the IDEA permits a court to award attorneys' fees only to a parent who is both the "prevailing party" and the parent of a "child with a disability."   BISD argues that T.B. has never been determined to meet the statutory definition of a "child with a disability."   The parties do not dispute that T.B.'s ADHD is a qualifying disability under the first prong of the

---

[2] *Salley v. St. Tammany Parish Sch. Bd.*, 57 F.3d 458, 467-68 (5th Cir. 1995) (citing *Fontenot v. La. Bd. of Elementary & Secondary Educ.*, 835 F.2d 117, 120 (5th Cir. 1988)).

[3] *Dearmore v. City of Garland*, 519 F.3d 517, 520 (5th Cir. 2008) (emphasis omitted) (concerning 42 U.S.C. § 1988); *see also Jason D.W. ex rel. Douglas W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 208 (5th Cir. 1998) (per curiam) ("[In an IDEA action] [w]e review an award of attorneys' fees for abuse of discretion and the factual findings upon which the award is based for clear error.").

[4] *In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008).

[5] 20 U.S.C. § 1415(i)(3)(B)(i)(I).

[6] *Id.* § 1401(3)(A).

definition, but BISD argues T.B. cannot satisfy the second half of the definition because he has not been found to need "special education and related services."[7]

As a preliminary matter, T.B. contends BISD waived the argument that he cannot recover attorneys' fees because he has not been determined to be a "child with a disability." BISD raised its statutory-interpretation argument in its objections to the magistrate's report and recommendation, albeit briefly. Therefore, the issue was not waived.

Whether a parent of a child not yet determined to be a "child with a disability" can recover attorneys' fees under the IDEA is a case of first impression in the Fifth Circuit. The Third Circuit recently addressed the issue in an unpublished decision, *D.S., S.S. ex rel. Z.S. v. Neptune Township Board of Education*.[8] In *Neptune Township*, parents of a child with various disorders filed a due process petition to compel special-education testing and services.[9] The state administrative law judge ordered the school to conduct a special-education evaluation but denied the other requested relief.[10] The school evaluated the child and concluded that he was not eligible for special-education services.[11] The parents amended their petition for a due process hearing to challenge the

---

[7] *See Alvin Indep. Sch. Dist. v. A.D. ex rel. Patricia F.*, 503 F.3d 378, 382 (5th Cir. 2007) ("[T]here is no dispute that A.D. satisfies the first prong [of the definition of 'child with a disability'] because ADHD is considered an 'other health impairment,' a recognized qualifying disability. Thus, the central dispute pertains to the second prong: *by reason of* his ADHD, does A.D. *need* special education and related services?" (citation omitted)).

[8] 264 F. App'x 186 (3d Cir. 2008) (unpublished).

[9] *Id.* at 187.

[10] *Id.*

[11] *Id.* at 188.

No. 08-20201

school's determination that the child was not eligible for special-education services but subsequently withdrew the appeal and filed for attorneys' fees under the IDEA.[12]  The district court denied the parents' motion for attorneys' fees because the child had not been determined to be eligible for special-education services.[13]

On appeal, the Third Circuit concluded that the text of the IDEA's fee-shifting provision was unambiguous and interpreted the statute to bar recovery of attorneys' fees because "there was never a determination that the child needed special education," and therefore, the parents did not meet the plain language of the IDEA's fee-shifting provision.[14]  In so holding, the court acknowledged that the school "likely would have not completed the evaluations absent the ALJ's orders" and that "[b]ut for retaining counsel, the parents would not have secured [the special-education evaluation] for the child."[15]  But, the court also noted that its interpretation of the statute was consistent with the purpose of the IDEA's fee-shifting provision—to allow parents of disabled children to effectuate their right to a free appropriate public education.[16]  The court rejected the suggestion that the fee-shifting provision should apply to children "merely suspected of having a disability."[17]

---

[12] *Id.*

[13] *Id.*

[14] *Id.* at 189.

[15] *Id.*

[16] *Id.*

[17] *Id.* at 190 (internal quotation marks omitted).

No. 08-20201

The Sixth Circuit has also denied attorneys' fees when the child has not been determined to be a "child with a disability." In *Edwards ex rel. Edwards v. Cleveland Heights-University Heights Board of Education*, an unpublished decision interpreting an earlier version of the fee-shifting provision now found in the IDEA, the Sixth Circuit affirmed a denial of attorneys' fees where "the question whether [the child] has a learning disability had not yet been reached in the administrative proceedings."[18]

TB urges that another provision of the IDEA, 20 U.S.C. § 1415(k)(5), demonstrates that Congress intended to extend the attorneys'-fee recovery to children not yet found to be disabled. Section 1415(k)(5) provides:

> A child who has not been determined to be eligible for special education and related services under this subchapter and who has engaged in behavior that violates a code of student conduct, may assert any of the protections provided for in this subchapter if the local educational agency had knowledge (as determined in accordance with this paragraph) that the child was a child with a disability before the behavior that precipitated the disciplinary action occurred.[19]

The statute then enumerates several bases upon which the local education agency is deemed to have knowledge of the disability, provides an exception when the parent of the child has not permitted an evaluation, and provides for conditions that apply when the local educational agency did not have knowledge that the child is a child with a disability.[20]

---

[18] 951 F.2d 349, 1991 WL 270811, at *5 (6th Cir. 1991) (unpublished table decision).

[19] 20 U.S.C. § 1415(k)(5)(A).

[20] *Id.* § 1415(k)(5)(B)-(D).

No. 08-20201

In addition to his argument regarding § 1415(k)(5), T.B. argues that holding he is not eligible for recovery of attorneys' fees will have a chilling effect on future IDEA cases, frustrate parents' ability to hire counsel, and undermine the interests of the students and goals of the IDEA. T.B. argues that it would be inconsistent with Congress's intent to "acknowledge that T.B. had a right to the protections of the Act, but in needing the services of an attorney to secure the benefits that these protections were intended to provide, that the statute would be construed to force the parent to absorb all the legal costs to vindicate that right."

T.B.'s arguments cannot overcome the plain language of the statute. The Supreme Court has directed courts interpreting the IDEA to start with the text of the statute and has "stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there."[21] The Court has also stated that "[w]hen the statutory 'language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.'"[22] Here, the plain language of the IDEA's fee-shifting provision limits recovery of attorneys' fees to the parent of a "child with a disability." Thus, we agree with the Third Circuit's reasoning in *Neptune Township* that attorneys' fees are only available in IDEA proceedings to a parent of a "child with a disability"—a child "who, by

---

[21] *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 296 (2006) (quoting *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992)).

[22] *Id.* (quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000)); *accord Newby v. Enron Corp.*, 338 F.3d 467, 473 (5th Cir. 2003) (noting that the plain language of a statute governs when it is "clear on its face").

reason [of an enumerated condition], needs special education and related services."[23]

In so holding, we recognize the merits of T.B.'s arguments. Congress has provided some protections for children not yet determined to fit the definition of "child with a disability." Section 1415(k)(5) and its protections in disciplinary proceedings might reflect a broader intent to protect children not yet determined to fit the definition of "child with a disability." But just because Congress has specifically extended some protections to children not yet determined to meet the definition of "child with a disability" does not mean that it has extended all protections. To the contrary, the language of the attorneys'-fee provision in § 1415(i)(3)(B)(i)(I) specifically provides the district court with discretion to award attorneys' fees to a "parent of a child with a disability." Unlike § 1415(k)(5), § 1415(i)(3)(B)(i)(I) makes no reference to children not yet determined to be disabled. The IDEA cannot be read to provide attorneys' fees to T.B., and any policies reflected in § 1415(k)(5) cannot overcome the express provisions in § 1415(i)(3)(B)(i)(I).

We also recognize that T.B.'s cogent arguments regarding the purpose and effectiveness of the IDEA are undercut by the fact that a parent can file a separate suit for attorneys' fees at such time that the child is found to be a child with a disability.[24] Thus, the goal of the IDEA—to ensure that disabled children

---

[23] 20 U.S.C. § 1401(3)(A)(ii).

[24] *See Duane M. v. Orleans Parish Sch. Bd.*, 861 F.2d 115, 120 (5th Cir. 1988) (interpreting the IDEA's predecessor statute to authorize a separate suit for attorneys' fees when a parent prevails at the administrative hearing); *see also Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 236 (1995) (observing that the IDEA's fee-shifting statute predecessor "can perhaps be understood to create a new cause of action for attorney's fees attributable to already concluded litigation").

No. 08-20201

receive a free appropriate public education[25]—is furthered once the child is actually found to be a person the IDEA is designed to protect.  Ultimately, regardless of the policy considerations and even if an alternate version of the statute would better serve the goals of the IDEA, that is a decision appropriately left to Congress, not to this court.

*       *       *

We VACATE the trial court's grant of attorneys' fees.[26]

---

[25] 20 U.S.C. § 1400(d)(1)(A).

[26] We do not decide today whether T.B. or those claiming on his behalf can recover the attorneys' fees associated with this lawsuit or future actions, if T.B.'s need for special-education services is established in a separate lawsuit.

10