# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 3, 2013

No. 12-20628
Summary Calendar

Lyle W. Cayce
Clerk

ALIEF INDEPENDENT SCHOOL DISTRICT, and their Respective
Employees and Members of the Board of Trustees,

Plaintiff-Appellee

v.

C. C., by next friend Kenneth & Nneka C.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:

Defendants-Appellants are parents of a minor child who filed an unsuccessful administrative complaint against the Plaintiff-Appellee school district. The district court denied the school district's subsequent request for attorneys' fees. Although the parents asserted that the district court's denial of attorneys' fees in turn rendered them prevailing parties—potentially entitling them to attorneys' fees—the district court declined to award attorneys' fees to the parents. Because defeating a request for attorneys' fees is not the type of success on the merits required to establish prevailing party status, we AFFIRM.

No. 12-20628

I.

C.C. is a disabled minor child enrolled in school in Texas's Alief Independent School District ("AISD"). On May 29, 2007, C.C.'s parents ("the Parents") filed an administrative complaint against AISD with the Texas Education Agency, alleging multiple violations of the Individuals with Disabilities Education Act ("IDEA"). *See* 20 U.S.C. § 1415(i)(3)(B). In response, AISD filed a request for a hearing and declaratory judgment. Declining to proceed further, the parents voluntarily dismissed their complaint.

However, AISD proceeded with the hearing and presented unopposed evidence demonstrating its compliance with the IDEA. After the administrative Hearing Officer ruled in favor of AISD, AISD filed suit in the district court under 20 U.S.C. § 1415(i)(2)(A), seeking an award of attorneys' fees. Specifically, AISD alleged that it was entitled to attorneys' fees because the Parents had filed their IDEA complaint for an "improper purpose." *See id.* The district court rejected AISD's argument, refused to impose attorneys' fees, and entered judgment accordingly.

The Parents then petitioned the district court for their own attorneys' fees, arguing that by successfully defeating AISD's claim for attorneys' fees, they had become a "prevailing party" entitled to attorneys' fees under the IDEA. The district court summarily denied the petition, and the Parents now appeal.

II.

We review a district court's grant or denial of attorneys' fees under the IDEA for abuse of discretion. *T.B. ex rel. Debbra B. v. Bryan Indep. Sch. Dist.*, 628 F.3d 240, 243 (5th Cir. 2010). However, we review underlying conclusions of law and interpretations of the statute de novo. *Id.*

No. 12-20628

III.

The only question before us is whether a parent who loses a suit under the IDEA becomes a "prevailing party" by defeating a subsequent petition for attorneys' fees.

The relevant IDEA statutory provision provides, "In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs— (I) to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B). Thus, only a parent who can rightly be classified as a "prevailing party" is entitled to attorneys' fees.

The "touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *El Paso Indep. Sch. Dist. v. Richard R.*, 591 F.3d 417, 422 (5th Cir. 2009). "Under the IDEA, a prevailing party is one that attains a remedy that both (1) alters the legal relationship between the school district and the handicapped child and (2) fosters the purposes of the IDEA." *Id.* at 421–22. While a party does not need to prevail on every issue to become a prevailing party, she must prevail on some "significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Moreover, the relief obtained must be "a judgment on the merits, a consent decree, or some similar form of judicially sanctioned relief." *Richard R.*, 591 F.3d at 422.

The Parents argue that they are prevailing parties under this standard, because they have achieved a remedy that "altered the legal relationship" between the parties. Because the district court has permanently foreclosed AISD's ability to seek attorneys' fees, the Parents argue, their legal relationship to AISD has been officially altered. While the Parents have prevailed in a very narrow and hollow sense, this is precisely the type of "de minimis" or "technical

No. 12-20628

victory" that the Supreme Court has found so insignificant as to not create prevailing party status. *See Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989). As the Supreme Court has repeatedly emphasized, "Our '[r]espect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail.'"[1] Successfully refuting a claim for attorneys' fees is not a benefit that the Parents sought in bringing suit, nor can it rightfully be described as "relief on the merits" or a true "remedy" of any nature.[2] The Parents filed an unsuccessful complaint and were merely fortunate enough to have the lower court deny a common request for attorneys' fees. In no way have they succeeded on the merits of their claim or achieved a desired remedy.

Our review of caselaw confirms this interpretation. The type of victories, short of total success, to which the Supreme Court has been willing to ascribe prevailing party status are in the nature of settlement agreements enforced through a consent decree, partial success on the merits, injunctive relief, declaratory relief, and nominal damages.[3] The only case we have located that considers a similar factual situation is *R.P. ex rel. C.P. v. Prescott Unified School District*, 631 F.3d 1117, 1127–28 (9th Cir. 2011). In *Prescott USD*, the Ninth Circuit reviewed the district court's rejection of an IDEA claim brought by parents of a disabled child against an Arizona school district. Though the *Prescott USD* court affirmed the district court's dismissal of the IDEA claim, it reversed the district court's award of attorneys' fees to the school district. *Id.* at 1124–27. However, the court also denied the parents' subsequent request for

---

[1] *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health & Human Resources*, 532 U.S. 598, 603 (2001) (quoting *Hewitt v. Helms*, 482 U.S. 755, 760 (1987)).

[2] *See Buckhannon*, 532 U.S. at 603; *Richard R.*, 591 F.3d at 422.

[3] *See Buckhannon*, 532 U.S. at 604; *Texas Lefemine v. Wideman*, 133 S. Ct. 9 (2012) (per curiam).

4

attorneys' fees, stating: "Because the parents aren't entitled to relief on the merits of their IDEA claim, they aren't entitled to fees on appeal. *See* 20 U.S.C. § 1415(i)(3)(B)(i)(I) (permitting an award of fees to a "prevailing party")." *Id.* at 1127–28. We agree with the Ninth Circuit that successfully defending an ancillary request for attorneys' fees, without more, does not qualify as the relief on the merits necessary to create a prevailing party.

## IV.

For the reasons stated above, the judgment of the district court is AFFIRMED.