# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 17-40461

———————

United States Court of Appeals
Fifth Circuit

**FILED**

August 17, 2018

Lyle W. Cayce
Clerk

ASHLEY KRAWIETZ, an individual with disabilities, by and with and through her parent/guardian/next friend, Amanda Parker; and AMANDA PARKER,

      Plaintiffs - Appellees

v.

GALVESTON INDEPENDENT SCHOOL DISTRICT,

      Defendant - Appellant

———————

Appeal from the United States District Court
for the Southern District of Texas

———————

Before REAVLEY, JONES, and GRAVES, Circuit Judges.

JAMES E. GRAVES, JR., Circuit Judge:

The Individuals with Disabilities Education Act (IDEA) is a federal statute that "seeks 'to ensure that all children with disabilities have available to them a free appropriate public education [(FAPE)].'" *Seth B. ex rel. Donald B. v. Orleans Par. Sch. Bd.*, 810 F.3d 961, 965 (5th Cir. 2016) (quoting 20 U.S.C. § 1400(d)(1)(A)). Under the IDEA, public school districts have an obligation known as "Child Find," which requires them to "identify, locate, and evaluate all children with disabilities . . . to ensure that they receive needed special-education services." *Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230, 245 (2009) (internal quotation marks and brackets omitted) (quoting 20 U.S.C.

No. 17-40461

§ 1412(a)(3)(A)). In this case, a special education hearing officer determined that Galveston Independent School District (GISD) deprived Ashley Kraweitz, a high school student with a disability, of a FAPE by failing to fulfill its Child Find duty in a timely manner. The district court upheld the hearing officer's decision and awarded Ashley attorneys' fees and expenses. On appeal, GISD argues that it did not violate the IDEA and that Ashley is not a "prevailing party" entitled to attorneys' fees. We affirm.

I.

Ashley was born in 1996 and has suffered from behavioral problems and various disorders since she was very young. In 2004, GISD identified Ashley as a student with a disability who was eligible for special education services. GISD developed an individualized education plan (IEP) to address Ashley's learning and behavioral problems. In 2008, Ashley withdrew from GISD and began homeschooling following an incident in which she attempted to harm another student.

In August 2013, Ashley returned to GISD, enrolling as a ninth grade student at AIM College and Career Prep Center. Ashley's application noted that she had previously received special education services, and Ashley's family reminded GISD of that fact upon her enrollment. GISD was unable to locate Ashley's prior records, however, and therefore assumed—despite Ashley's family's statements to the contrary and the absence of any supporting documentation—that she had been dismissed from special education services.

In September 2013, the school suspended Ashley for several days and provided her with a "disciplinary alternative education placement" for two months after she engaged in sexual activities with two other students in a school restroom. In November, GISD referred Ashley for services pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a). At the time, Ashley was failing most of her classes. The Section 504 committee determined

2

that Ashley qualified for accommodations due to post-traumatic stress disorder, attention deficit hyperactivity disorder, and obsessive compulsive disorder. Accommodations included additional time to complete assignments, reminders to stay on task, a quiet place to work, and small group testing, but no behavioral plan was implemented. With these accommodations in place, Ashley was able to successfully complete her freshman year.

The following school year, however, Ashley began to struggle once again. She performed poorly on the PSAT and completed fewer than half of her expected credits for the fall 2014 semester. In addition, from September 24 to October 3, 2014, Ashley was hospitalized in response to two incidents in which she stole a total of $1,500 from her mother via unauthorized online purchases. The fall semester officially ended on January 21, 2015. On February 9, 2015, GISD sent a notice of a Section 504 meeting to Ashley's family. Also on February 9, Ashley's family submitted a letter requesting a special education due process hearing under the IDEA. On February 16, the parties met for a resolution session. At that meeting, Ashley's mother consented to GISD conducting a full individual evaluation (FIE) of Ashley. GISD eventually completed the FIE on April 21, 2015, concluding that Ashley was eligible for special education services.

A special education hearing officer (SEHO) held the IDEA due process hearing from April 29 through May 1, 2015. Ashley and GISD were both represented by counsel at the hearing. Ashley contended that GISD had violated the IDEA by failing to provide her with a FAPE since April 2009. As relief, she requested: (1) that GISD identify her as a student with a disability eligible for special education services under the IDEA; (2) that GISD either provide her with a residential placement at its own expense or reimburse her parents for the cost of a private placement; (3) that GISD reimburse her parents for private services and other related costs; (4) that GISD be ordered

No. 17-40461

to comply with all procedural and substantive requirements of the IDEA; and (5) any other appropriate relief.

In July 2015, the SEHO issued a decision concluding, inter alia, that Ashley was eligible for special education services under the IDEA, and that GISD deprived Ashley of a FAPE by failing to fulfill its Child Find duty in a timely manner. The SEHO concluded that Ashley was not entitled to a residential placement but ordered various other relief. Among other things, the SEHO ordered GISD to design an IEP for Ashley that included all the recommendations in the April 2015 FIE.

Following the SEHO's decision, Ashley's attorney sought to reach a timely settlement with GISD and offered to reduce attorneys' fees by 15 percent. GISD, however, asserted that Ashley was not entitled to attorneys' fees, and no settlement resulted. Consequently, in August 2015, Ashley's mother filed suit in federal district court, on Ashley's behalf and in her own right, seeking to establish that she was a "prevailing party" entitled to attorneys' fees under the IDEA. On cross-motions for summary judgment, the district court upheld all of the relief granted to Ashley by the SEHO, found Ashley to be a "prevailing party" under the IDEA, and awarded her approximately $70,000 in attorneys' fees and expenses.

II.

On appeal, GISD challenges the district court's conclusion that it violated the IDEA by failing to comply with its Child Find duty in a timely manner. We review the district court's decision *de novo,* as a mixed question of law and fact, and the district court's underlying findings of fact for clear error. *R.P. v. Alamo Heights Indep. Sch. Dist.*, 703 F.3d 801, 808 (5th Cir. 2012).

The IDEA's Child Find requirement obligates public school districts to identify, locate, and evaluate students with suspected disabilities "within a

reasonable time after the school district is on notice of facts or behavior likely to indicate a disability." *Dallas Indep. Sch. Dist. v. Woody*, 865 F.3d 303, 320 (5th Cir. 2017). An unreasonable delay in complying with this duty "may constitute a procedural violation of the IDEA." *D.K. v. Abington Sch. Dist.*, 696 F.3d 233, 249–50 (3d Cir. 2012).

In upholding the SEHO's determination that GISD failed to timely comply with its Child Find duty, the district court explained:

> Ashley's academic decline, hospitalization, and incidents of theft during the [fall 2014] semester—taken together—were sufficient to cause GISD to suspect that her several disabilities created a need for special education services. The Court finds that, conservatively, GISD should have suspected the need for an IEP by October 2014. GISD did not attempt to conduct an evaluation until April 2015. The evaluation occurred at least six months after GISD should have suspected that one was required, and three months after Ashley requested a Due Process Hearing. The Court further finds that this six-month delay was unreasonable. . . . This is especially true given the extensive notice to GISD and the dire circumstances involved.
>
> The Court therefore finds that GISD was derelict in its duty to timely develop an IEP. This failure resulted in Ashley being denied a FAPE starting in the 2014 fall semester and continuing until the issuance of the Decision. The Court therefore upholds all relief granted in the SEHO's Decision.

GISD contends that Ashley's hospitalization in the fall of 2014 was insufficient to put it on notice of her need for special education services. However, the district court did not rely on the hospitalization alone; it relied on a combination of factors, including Ashley's deteriorating academic performance. While GISD suggests that Ashley's academic decline did not become manifest until the fall semester officially ended on January 21, 2015, there was sufficient evidence of her declining performance earlier in the semester as well. We therefore perceive no reversible error in the district

No. 17-40461

court's conclusion that "taken together," "Ashley's academic decline, hospitalization, and incidents of theft" should have led GISD to suspect her need for special education services by October 2014, at the latest.

GISD also argues that the district court miscalculated the period of delay by using an incorrect end date. According to GISD, the proper end date for determining the timeliness of its compliance with its Child Find obligation is not the date on which it completed the evaluation (April 21, 2015), but rather the date on which it requested consent from Ashley's mother to conduct the evaluation in the first place (February 16, 2015). We need not decide whether the two months it took GISD to conduct the evaluation count toward the Child Find violation. Even if we assume they do not, the four-month delay from October 2014 until February 16, 2015 was unreasonable, and that is a sufficient basis for us to affirm the district court's decision. During those four months, GISD failed to take any appreciable steps toward complying with its Child Find obligation. Indeed, it was only after Ashley's family requested a due process hearing that GISD sought consent to conduct the evaluation. GISD alleges that Ashley's family failed to "act with any urgency" until late January 2015, but the IDEA imposes the Child Find obligation upon school districts, not the parents of disabled students. *Cf. Woody*, 865 F.3d at 320 (suggesting that a three-month delay was not unreasonable where "the delay was not solely attributable to the [d]istrict," and where the district took proactive steps throughout that period to comply with its Child Find obligation).

## III.

GISD also challenges the district court's conclusion that Ashley (and/or Ashley's mother) is a "prevailing party" entitled to recover attorneys' fees and costs under the IDEA. *See* 20 U.S.C. § 1415(i)(3)(B) (providing that "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing

party who is the parent of a child with a disability . . . ."). "[W]hether a party is a prevailing party 'is a legal question subject to *de novo* review." *El Paso Indep. Sch. Dist. v. Richard R.*, 591 F.3d 417, 422–23 (5th Cir. 2009) (quoting *Bailey v. Mississippi*, 407 F.3d 684, 687 (5th Cir. 2005)).

"This circuit has specifically held that in IDEA cases, a prevailing party is one that attains a remedy that both (1) alters the legal relationship between the school district and the handicapped child and (2) fosters the purposes of the IDEA." *Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998). By requiring GISD to comply with its duties under the IDEA, the SEHO's order effectuated a material alteration in the legal relationship between Ashley and GISD, and promoted the statute's purpose of ensuring that all disabled children receive a FAPE. *See Richard R.*, 591 F.3d at 422 n.4 ("[S]uccess at an administrative proceeding entitles a party to attorney's fees."). It is true that the SEHO rejected the primary relief Ashley's family sought when they requested the due process hearing, i.e., residential placement and reimbursement for private services and related costs. But contrary to GISD's assertion, a litigant does not need to obtain the same relief she requested at the outset of the proceeding in order to qualify as a "prevailing party" under the IDEA. Rather, she need only obtain a remedy "which achieves some of the benefit [she] sought in bringing [the claim]." *Alief Indep. Sch. Dist. v. C.C. ex rel. Kenneth C.*, 713 F.3d 268, 270 (5th Cir. 2013) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The relief ordered by the SEHO was aimed at making sure that Ashley received a FAPE and therefore achieves some of the benefit she sought in requesting the due process hearing.

\*    \*    \*

The district court's judgment is AFFIRMED.